IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH LEVELLE HILL, | ) | CASE NO. 1:11 CV 2602 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
    A.    Background facts, trial, and sentence  . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
    B.    Direct appeal  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-
        1.    Ohio appeals court  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-
        2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-
        3.    Rule 26(B) application to re-open the appeal . . . . . . . . . . . . . . .  -9-
        4.    Post-conviction motions for re-sentencing . . . . . . . . . . . . . . . .  -11-
        5.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
    B.    Standard of review – AEDPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
    C.    Applications of standard  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -17-
        1.    Ground one, part one, claiming speedy trial violation should be denied
            on the merits after AEDPA review because the state court decision was
            not an unreasonable application of clearly established federal law.
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -17-
        2.    Ground one, part two, claiming that conviction was against the manifest
            weight of the evidence, should be construed as a claim that the
            conviction was not supported by sufficient evidence, and then should
            be denied on the merits after AEDPA review because the state court
            decision was not an unreasonable application of the clearly established
            federal law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -21-
        3.    Ground two, alleging six instances of ineffective assistance of appellate
            counsel, should be denied on the merits after AEDPA review because

the state court decision was not an unreasonable application of clearly established federal law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

    a.    Failure to raise argument that trial counsel did not impeach James Darby's statement that Hill got into a burgundy colored Nissan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

    b.    Failure to raise issue that trial counsel did not impeach the testimony of Det. Bosco's testimony as to the victim's identification of Hill . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

    c.    Failure of trial counsel to subpoena Hill's work history to support an alibi that he was actually out of state at the time of the shooting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

    d.    Appellate counsel was ineffective for not challenging the conviction for having a weapon while under disability on grounds of insufficient evidence. . . . . . . . . . . . . . . . . . . . -26-

    e.    Failure to raise an issue regarding Confrontation Clause violations; Brady violation . . . . . . . . . . . . . . . . . . . . . . . -27-

    f.    Failure to call alibi witnesses . . . . . . . . . . . . . . . . . . . . . -29-

D.    The motion for an evidentiary hearing should be denied. . . . . . . . . . . . -29-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

## Introduction

Before me by referral[1] is the amended *pro se* petition of Kenneth Levelle Hill for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Hill is incarcerated by the State of Ohio at Chillicothe Correctional Institution[3] where he is serving a combined sentence of 18 years in prison imposed in 2009 by the Richland County (Ohio) Court of Common Pleas.[4] The sentence is as a result of Hill's 2008 conviction by an Ohio jury of attempted murder with

---

[1] ECF # 5.

[2] ECF # 18.

[3] *See*, http://www.drc.ohio.gov. At the time the original petition was filed, Hill was incarcerated at the Toledo Correctional Institution. ECF # 1 at 1.

[4] ECF # 9, Attachment (state court record) at 16-17.

a firearm specification, felonious assault with a firearm specification, and having a weapon while under disability.[5]

In the amended petition, Hill presents two grounds for habeas relief.[6] The State, in its return of the writ[7] and reply to the traverse,[8] contends that the petition should be denied and/or dismissed in full. Hill further seeks an evidentiary hearing,[9] which the State argues should be denied.[10]

For the reasons stated, I will recommend that the petition be denied on the merits. Insofar as Hill also now again seeks an evidentiary hearing, I recommend that the motion be denied.

## Facts

### A.    Background facts, trial, and sentence

The background facts summarized here were found by the Ohio appeals court and are presumed correct.[11]

———————————————

[5] *Id.*, at 8-9.

[6] ECF # 18 at 6, 8.

[7] ECF # 9.

[8] ECF # 24.

[9] ECF # 23 at 34.

[10] ECF # 24 at 6-7.

[11] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

In the early morning hours of October 8, 2004, Isaiah Dudley was walking down an alley in Mansfield, Ohio, when he was shot multiple times by an assailant who then fled the scene in a purple or burgundy car.[12]

A few months later, James Darby, a county jail inmate, contacted police with an offer of information about the shooting in exchange for release from prison.[13] Darby stated that at the time of the shooting he was heading to meet Hill to buy drugs when he saw Hill and another man – known to Darby as C-Man – confront Dudley in the alley.[14] After C-Man asked Dudley if he had the money he owed him, and Dudley said he did not, C-Man swung at Dudley.[15] Hill then pulled out a gun, shooting Dudley numerous times.[16]

In addition to telling police that he knew Hill and recognized Hill's gun, Darby also said that earlier in the evening of the shooting he had seen Hill driving a burgundy car owned by another individual and that he had seen this car parked at the end of the alley at the time of the shooting.[17]

Darby was contacted after the shooting by C-Man and Hill and told not to talk about the shooting, a request they augmented by giving Darby free drugs in return for his silence.[18]

---

[12] ECF # 9, Attachment at 103.

[13] *Id.*

[14] *Id.*, at 103-04.

[15] *Id.*, at 104.

[16] *Id.*

[17] *Id.*

[18] *Id.*

But after Darby was arrested for a burglary and shown Hill's picture in a photo array, he identified Hill as the person who shot Dudley.[19] The victim, Dudley, likewise picked Hill out of the photo array as his assailant.[20]

Based on these identifications, Hill was indicted in 2005 for attempted murder and felonious assault on Dudley, as well as having a weapon while under disability.[21] But, because Hill had fled to Chicago, the 2005 indictment was not served on him until March, 2008, when he was arrested and extradited to Ohio on this indictment as well as for another unrelated case.[22]

After Hill's May, 2008 trial date had been continued several times, Hill's trial finally commenced in July, 2008.[23] But, although the trial judge denied a motion to dismiss the case before trial began on speedy trial grounds, after hearing testimony, the jury failed to reach a verdict after two days of deliberation, resulting in a mistrial.[24]

Hill's retrial went forward in August, 2008, and before trial he again unsuccessfully moved for dismissal on speedy trial grounds.[25] During the trial, Dudley stood by his prior

---

[19] *Id.*

[20] *Id.*, at 105.

[21] *Id.*

[22] *Id.* The other case, involving a shooting at an apartment, is addressed in the habeas petition filed in Case No. 1:11-CV-2603, which is assigned to another District Judge of this district.

[23] *Id.*

[24] *Id.*

[25] *Id.*, at 106.

identification of Hill as the person who shot him but gave a different account of the shooting itself, denying even knowing C-Man or Hill, but contending that Hill shot him believing he was someone else.[26]

The jury convicted Hill of one count of attempted murder with a firearm specification, one count of felonious assault with a firearm specification, and one count of having a weapon while under disability.[27] On August 22, 2008, Hill was sentenced to a total term of 18 years in prison.[28]

**B.     Direct appeal**

**1.      *Ohio appeals court***

Hill timely[29] appealed his conviction and sentence.[30] The appeals court, however *sua sponte* dismissed the appeal because the sentencing entry did not contain the manner of conviction and so was not a final appealable order.[31]

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Because Hill filed the notice of appeal on September 17, 2008, or less than 30 days after the entry of the judgment being appealed, the appeal was timely.

[30] ECF # 9, Attachment at 12.

[31] *Id.*, at 13.

On February 5, 2009, the trial court amended the sentencing entry to comply with the directions of the appellate court, re-sentencing Hill to a total of 18 years in prison.[32] Hill thereupon on March 2, 2009, timely re-filed his appeal.[33] Further, Hill then supplemented the record on appeal to include the transcript portions of this case and Hill's other case dealing with the disposition the speedy trial motions.[34]

In his brief on re-appeal Hill set forth the following two assignments of error:

Assignment of Error Number One:

1.    THE JURY'S VERDICT IN FINDING THE DEFENDANT-APPELLANT GUILTY OF ATTEMPTED MURDER WITH A FIREARM SPECIFICATION AND HAVING A WEAPONS [SIC] UNDER DISABILITY WAS CONTRARY TO THE MANIFEST WEIGHT OF EVIDENCE, THUS THE CONVICTION WAS IN VIOLATION OF ARTICLE I, 10 OF THE OHIO CONSTITUTUION [SIC] AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

Assignment of Error Number Two:

2.    APPELLANT-DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.[35]

---

[32] *Id.*, at 16-17.

[33] *Id.*, at 18.

[34] *See*, *id.*, at 19-29.

[35] *Id.*, at 38.

The State filed a brief in response,[36] and on June 30, 2010, the Ohio appeals court affirmed the conviction and sentence, overruling both assignments of error.[37]

**2.    *Supreme Court of Ohio***

Hill, *pro se*, on August 5, 2010,[38] filed a timely[39] notice of appeal with the Supreme Court of Ohio.[40] In his brief in support of jurisdiction, Hill raised the following propositions of law:

> PROPOSITION OF LAW NO. I: THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
>
> PROPOSITION OF LAW NO. 2: WHEN FOUR FACTORS SET FORTH IN BARKER V. WINGO ARE BALANCED AS WHOLE.[sic] PETITIONER IS ENTITLED TO DISMISSAL OF THE CHARGER [sic] AGAINST HIM.[41]

The State did not file a responsive brief, and the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.[42]

---

[36] *Id.*, at 65-88.

[37] *Id.*, at 102-18.

[38] This is the date Hill filed the notice, which was received and docketed on August 11.

[39] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on June 30, 2010, and the notice of appeal filed in the Supreme Court on August 5, 2010.

[40] ECF # 9, Attachment at 130-42.

[41] *Id.*, at 132.

[42] *Id.*, at 160.

### 3. *Rule 26(B) application to re-open the appeal*

While his motion to appeal still pended before the Ohio Supreme Court and within the required 90 days from the entry of judgment on appeal,[43] Hill, *pro se*, filed a timely application with the Ohio appeals court under Appellate Rule 26(B) to re-open his appeal.[44] In the application and supporting affidavit, Hill alleged that his appellate counsel was ineffective in the following six ways:

> ASSIGNMENT OF ERROR I: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO NOT PROPERLY IMPEACH [sic] WITNESSES STATEMENT, AND FAILING TO INVESTIGATE SAID CASE.
>
> ASSIGNMENT OF ERROR II: THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR ATTEMPTED MURDER.
>
> ASSIGNMENT OF ERROR III: THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR HAVING WEAPONS WHILE UNDER DISABILITY.
>
> ASSIGNMENT OF ERROR IV: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF CONFRONTATION CLAUSE GUARANTEED BY THE SIXTH AND THE FOURTEENTH AMENDMENT [sic].
>
> ASSIGNMENT OF ERROR V: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF BRADY VIOLATION, GUARANTEED BY THE FIFTH AND THE FOURTEENTH AMENDMENT [sic] DUE PROCESS OF LAW.

---

[43] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[44] ECF # 9, Attachment at 161-70.

ASSIGNMENT OF ERROR VI: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF TRIAL COURT ABUSED ITS DISCRETION, BY ALLOWING TRAFFIC TICKET INTO EVIDENCE.[45]

The State did not file a responsive brief, and on March 4, 2011, the Ohio appeals court denied that application to re-open the appeal.[46]

Hill, *pro se*, then timely filed a notice of appeal with the Ohio Supreme Court from the denial of the Rule 26(B) application.[47] In his supporting brief, Hill raised the following six propositions of law:

- APPELLANT COUNSEL WAS INEFFECTIVE DUE TO RAISE A VIABLE ISSUE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO NOT PROPERLY IMPEACHING STATE WITNESSES STATEMENT, AND FAILING TO INVESTIGATE SAID CASE.

- THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR ATTEMPTED MURDER.

- THE VERDICT WAS NOT SUSTAIANED [sic] BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR HAVING WEAPONS WHILE UNDER DISABILITY.

- APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF CONFRONTATION CLAUSE GUARANTEE BY THE SIXTH AND THE FOURTEENTH AMENDMENT.

---

[45] *Id.*, at 162.

[46] *Id.*, at 183-90.

[47] *Id.*, at 191-208.

- APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF BRADY VIOLATION, GUARANTEED BY THE FIFTH AND THE FOURTEENTH AMENDMENT DUE PROCESS.

- APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF TRIAL COURT ABUSED ITS DISCRETION, BY ALLOWING TRAFFIC TICKET INTO EVIDENCE.[48]

The State did not file a response, and on June 22, 2011, the Ohio Supreme Court denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[49]

### 4.    Post-conviction motions for re-sentencing

Shortly after the conclusion of his direct review, Hill filed two postconviction motions in the Ohio trial court for resentencing.[50] After responses from the State were filed,[51] the Ohio trial court in a single order denied the motions.[52] Hill did not appeal.

### 5.    Federal habeas petition

On November 22, 2011,[53] Hill filed the present petition for habeas relief, raising two grounds as follows:

---

[48] *Id.*, at 193.

[49] *Id.*, at 217.

[50] *Id.*, at 218-20 (motion of July 28, 2011); *id.*, at 241-43 (motion of Sept. 12, 2011).

[51] *Id.*, at 221-23; 244-46.

[52] *Id.*, at 247-49.

[53] ECF # 1 at 15. This is the date Hill placed the petition into the prison mail system and so is the date of filing. The petition was docketed on November 30, 2011.

GROUND ONE:

Supporting facts:
1.  Trial Court failed to examine the record to see why in the year 2005 the indictment wasn't served before the year 2008. [P]rosecutor never tryed [sic] to serve the indictment to known address.
2.  "[M]anifest Weight of the Evidence" it was not enough evidence to convict the defendant of Attempted Murder shooting Mr. Dudley. [T]he identification of the event and the victim first picture line up was different.[54]

GROUND TWO:

Supporting facts:
1.  [F]ailed to properly to impeach thw [sic] witness and the detective. [a]nd not getting the defendant work history to show he could have been located and served the indictment.
2.  It wasn't sufficient evidence to convicted [sic] the defendant by the uses of witness statement and testimony.
3.  [T]here was not sufficient evidence to convicted [sic] the defendant of Weapons while under disability by the uses of a prior conviction from another state.
4.  The stated [sic] violated the defendant Confrontation Clause y not calling Charles Anderson, Curtis Court, Yolanda, or unknown lady.
5.  Brady violation.
6.  Trial Court abused is discretion allowing taffic [sic] ticket in evidence without person being present[55]

After seeking[56] and receiving[57] permission from this Court to amend his petition,[58]Hill

filed an amended petition raising two claims for relief as follows:

---

[54] *Id.* at 5.

[55] *Id.* at 7.

[56] ECF # 16.

[57] ECF # 17.

[58] A prior motion to amend (*id.*, at 10) had been denied without prejudice (*id.*, at 11).

GROUND ONE: Apellant [sic] was denied his right to a speedy trial in violation of the Sixth and the Fourteenth Amendments to the United States Constitution, and Manifest Weight in violation of the Sixth Amend.U.S.

Supporting facts:
1.  Trial Court failed to examine the record to see why in the year 2005 the indictment wasn't served before the year 2008. [P]rosecutor never tryed [sic] to serve the indictment to known address.
2.  "[M]anifest Weight of the Evidence" it was not enough evidence to convict the defendant of Attempted Murder shooting Mr. Dudley. [T]he identification of the event and the victim first picture line up was different.[59]

GROUND TWO: Appelate [sic] Counsel was ineffective by failing to properly raise Constitutional error's [sic] to the Court of Appeals 5th, 6th, and 14 Amendments of the United States Const.

Supporting facts:
1.  [F]ailed to properly to impeach thw [sic] witness and the detective. [a]nd not getting the defendant work history to show he could have been located and served the indictment.
2.  It wasn't sufficient evidence to convicted [sic] the defendant by the uses of witness statement and testimony.
3.  [T]here was not sufficient evidence to convicted [sic] the defendant of Weapons while under disability by the uses of a prior conviction from another state.
4.  The stated [sic] violated the defendant Confrontation Clause y not calling Charles Anderson, Curtis Court, Yolanda, or unknown lady.
5.  Brady violation.
6.  Trial Court abused is discretion allowing taffic [sic] ticket in evidence without person being present[60]

---

[59] ECF # 18 at 6.

[60] *Id.* at 8.

-13-

The State filed a return of the writ following Hill's initial petition.[61] Hill filed a traverse, captioned as a reply to the return of the writ and containing a motion for an evidentiary hearing.[62] The State then filed a reply to the traverse.[63]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Hill is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Hill meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[64]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[65]

3.    In addition, Hill states,[66] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[67]

---

[61] ECF # 9.

[62] ECF # 23.

[63] ECF # 24.

[64] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[65] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[66] ECF # 1 at 13; ECF # 18 at 13.

[67] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

4.    Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[68]

5.    Finally, although Hill has not requested the appointment of counsel, he has requested an evidentiary hearing to develop the factual bases of his claims.[69]

## B.    Standard of review – AEDPA

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[70]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[71] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[72] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly

---

[68] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[69] ECF # 23 at 35. 28 U.S.C. § 2254(e)(2).

[70] 28 U.S.C. § 2254(d).

[71] *Williams v. Taylor*, 529 U.S. 362 (2000).

[72] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

-15-

established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[73]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[74] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[75]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[76] and "highly deferential" to the decision of the state court.[77] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[78] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[79]

---

[73] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[74] *Williams*, 529 U.S. at 411.

[75] *Id*. at 409.

[76] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[77] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[78] *Richter*, 131 S. Ct. at 786.

[79] *Id.* at 786-87.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[80]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[81] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[82] In such circumstances, the federal habeas court must give deference to the decision of the state court.[83]

## C. Applications of standard

### 1. Ground one, part one, claiming speedy trial violation should be denied on the merits after AEDPA review because the state court decision was not an unreasonable application of clearly established federal law.

Between the state court appeal and the present federal habeas petition, Hill sets out several different theories of why he did not receive a speedy trial. In the state court appeal, Hill argued that the violation occurred when the trial court denied repeated motions to dismiss on speedy trial grounds because the court impermissibly continued the trial date to

---

[80] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[81] *Richter*, 131 S. Ct. at 784-85.

[82] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[83] *Brown*, 656 F.3d at 329.

-17-

accommodate other trials.[84] Here, Hill reasserts this argument but then adds that a speedy trial violation occurred because the government did not make any effort to serve the indictment on him during the three years between the indictment's return and Hill's location and arrest in Chicago.[85] He further argues that the federal habeas court should conduct a *de novo* review of the Ohio appeals court opinion because that court analyzed the speedy trial claim solely in terms of state law, despite its presentation as a federal constitutional issue.[86]

Taking that last point first, Hill relies here on old precedent now superceded. The Supreme Court in *Richter* clearly teaches that if a federal claim was presented to the state court and that court denied relief without specifically mentioning the federal claim, it will nevertheless be presumed that the state court adjudicated the federal claim on the merits, absent any indication to the contrary.[87] In fact, as the Sixth Circuit has noted, *Richter* operates in situations such as here as a rebuttable presumption that the state court decided the federal claim on the merits, thus requiring that the federal habeas court adopt the deferential AEDPA standard of review as to that state decision.[88] Because Hill has made no effort to overcome that presumption, this Court will review the Ohio decision here under the deferential AEDPA standard.

---

[84] ECF # 9, Attachment at 49.

[85] ECF # 23 at 14.

[86] *Id.* at 15.

[87] *Richter*, 131 S. Ct. at 784-85.

[88] *O'Neal v. Bagley*, 728 F.3d 552, 556 (6th Cir. 2013).

Next, Hill did not argue to the Ohio court that any speedy trial issue arose because of the time between the indictment and Hill's arrest three years later. In fact, Hill's brief to the Ohio appeals court explicitly concedes that in this case "the speedy trial clock does not start until the date of arrest."[89] That said, Hill further states in his state appellate brief that "**[t]he** issue in this case is thus whether time for trial was extended pursuant to R.C. 2945.72(H) as a *sua sponte* order of the trial court."[90]

Hill's clear language in the state appeals brief cited above now precludes him from shifting the speedy trial claim from one centered on the grounds for granting several continuances between March and July, 2008, to the wholly different ground – never raised to the Ohio court – focused on asserted speedy trial implications of the State's purported inactivity during the years between the 2005 indictment and 2008 arrest. A federal habeas court will only address the same claim on the same theory presented to the state courts.[91]

Thus, the relatively narrow issue here is whether the Ohio appeals court decision rejecting any speedy trial violation arising from the trial continuances granted between March and July, 2008, is an unreasonable application of clearly established federal law.

As the Sixth Circuit has stated in *Brown v. Bobby*, "Ohio courts regard the state's speedy trial scheme as an implementation of the federal constitutional guarantees of a speedy

---

[89] ECF # 9, Attachment at 48.

[90] *Id.*, at 49 (emphasis added).

[91] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

trial."[92] The Brown court continued, "any time an Ohio court reviews the implementation of [Ohio's] speedy trial statute, it is guided not just by those provisions, but also by the dictates of the Sixth Amendment whether or not it expressly applies the factors laid out in *Barker [v. Wingo]*."[93]

Here, the state appeals court laid out Ohio's speedy trial statute and noted that Hill's speedy trial time under the statute would have expired on November 29, 2008.[94] The court further noted that even with numerous continuances to accommodate other trials, and the need for a re-trial following a mistrial due to a hung jury, Hill actually came to trial on August 14, 2008.[95] The Ohio court found no abuse of discretion by the trial court in ordering continuances in Hill's case, nor did it find the 31-day period between the mistrial and retrial unreasonable. That said, however, it concluded that "appellant's speedy trial rights were not violated" by reason of his trial occurring within the statutory period of 270 days.[96]

Leaving aside the state law issues of whether the trial court abused its discretion in ordering continuances in the manner it did, the Ohio appeals court's ultimate finding was that no speedy trial violation occurred here because Hill did come to trial within the 270 days required by the statute.  Because, as noted, the Sixth Circuit teaches that Ohio courts analyze

---

[92] *Brown*, 656 F.3d at 329.

[93] *Id.* at 331 (citing *Barker v. Wingo*, 407 U.S. 514 (1972).

[94] ECF # 9, Attachment at 114.

[95] *Id.*, at 116.

[96] *Id.*

statutory speedy trial claims in light of the Sixth Amendment, the Ohio court decision here was not an unreasonable application of the clearly established federal law of *Barker*, and so Hill's speedy trial claim should be denied on the merits.

2.      ***Ground one, part two, claiming that conviction was against the manifest weight of the evidence, should be construed as a claim that the conviction was not supported by sufficient evidence, and then should be denied on the merits after AEDPA review because the state court decision was not an unreasonable application of the clearly established federal law.***

While Hill frames the second part of ground one as stating a claim that his conviction was against the manifest weight of the evidence, and further concedes that such a formulation would not be cognizable in a federal habeas petition,[97] the Sixth Circuit stated in *Nash v. Eberlin*[98] that when an Ohio *pro se* petitioner challenges a conviction as against the manifest weight of the evidence, the federal court should construe that claim as one arguing that the conviction lacked the support of sufficient evidence.[99] *Nash* so reasoned because in Ohio a finding that a conviction is supported by the manifest weight of the evidence necessarily means that such conviction has the support of sufficient evidence.[100]

Here, such a construction would also acknowledge that while Hill phrased this claim to the Ohio appeals court as one concerning the manifest weight of the evidence, he supported that claim by reference to the Sixth Amendment of the Constitution, which deals

---

[97] *See*, ECF # 23 at 15.

[98] *Nash v. Eberlin*, 258 F. App'x 761 (unpublished) (6th Cir. Dec. 14, 2007).

[99] *Id.* at 764 n.4.

[100] *Id.*

with the sufficiency of the evidence.[101] Thus, arguably, Hill presented this claim to the Ohio courts as a federal claim of insufficient evidence, as well as a state claim concerning the manifest weight of the evidence.

A review of Hill's brief on appeal discloses that the sole question raised by this claim is whether the State had proved his guilt beyond a reasonable doubt despite alleged inconsistencies between the testimony of the two eyewitnesses.[102] The Ohio appeals court began its analysis by noting that "there is no dispute that a shooting had in fact occurred. The only issue is [whether] appellant is the shooter."[103] To that end, it noted that despite some inconsistencies in the testimony of the eyewitnesses, "both men agreed on the central issue of the case – that Mr. Dudley was shot multiple times and [Hill] was the man who pulled the trigger."[104]

The habeas court must view the evidence in the light most favorable to the prosecution under the clearly established federal law of *Jackson v. Virginia*.[105] The reviewing court must "give full play" to the jury's resolution of any conflicts in testimony.[106] Here, as the Ohio

---

[101] ECF # 9, Attachment at 38.

[102] *Id.*, at 42-44.

[103] *Id.*, at 108.

[104] *Id.*, at 109.

[105] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[106] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

court noted, both eyewitnesses fully agreed that Hill was the shooter, despite any inconsistencies in their testimony otherwise.

Moreover, the question of sufficiency of the evidence was addressed again by the appeals court considering Hill's appeal from the denial of his Rule 26(B) application to reopen the appeal for alleged ineffective assistance of appellate counsel. There, the court again cited the earlier finding of witnesses agreeing that Hill shot the victim multiple times, and after explicitly applying the *Jackson* test, concluded that viewing the evidence in a light most favorable to the prosecution, "a reasonable person could have found beyond a reasonable doubt that [Hill] had attempted to commit the crime of murder."[107]

The court then addressed the offense of having a weapon while under disability. The appeals panel found that the prosecution had introduced certified copies of Hill's prior convictions in Illinois, as well as proof that Hill was the person named in the convictions.[108] Thus, there was sufficient evidence to support the conviction for having a weapon while under disability.[109]

Thus, the second part of ground one should be denied on the merits because the decision of both Ohio appeals courts was not an unreasonable application of the clearly established federal law of *Jackson*.

---

[107] ECF # 9, Attachment at 187.

[108] *Id.*, at 187-88.

[109] *See*, *Id.*

-23-

### 3. Ground two, alleging six instances of ineffective assistance of appellate counsel, should be denied on the merits after AEDPA review because the state court decision was not an unreasonable application of clearly established federal law.

In ground two, Hill argues that his appellate counsel was ineffective in six instances.[110] I will address each instance separately, together with the decision of the Ohio court that denied the claim after correctly setting forth the clearly applicable federal law of *Strickland v. Washington*.[111]

### a. Failure to raise argument that trial counsel did not impeach James Darby's statement that Hill got into a burgundy colored Nissan

The appeals court in deciding the motion to reopen the appeal noted that Darby was actually questioned by trial counsel about that statement, citing to the portion of the earlier appellate opinion dealing with that issue.[112] Thus, the appeals court concluded there was no factual basis supporting this argument that Hill had been deprived of the effective assistance of counsel.[113]

Hill does not refute the Rule 26(B) appellate court's observation that Darby's inconsistent statements were actually examined in the trial record by defense counsel, or that the appeals court in the direct appeal also referenced inconsistencies in Darby's testimony;

---

[110] Although there are six enumerated sub-claims, there are further distinct claims even within subclaims.

[111] *Strickland v. Washington*, 466 U.S. 668 (1984).

[112] ECF # 9, Attachment at 186.

[113] *Id.*

-24-

indeed, Hill cites to the record of where those inconsistencies are found.[114] The point is that Darby was questioned about those inconsistencies and the jury, knowing the inconsistencies in testimony and that Darby had an agreement with the prosecution to give testimony against Hill for consideration in his own burglary case, was free to not believe all of Darby's account.[115]

Thus, the state appeals court did not unreasonably apply *Strickland* by noting that without any deficient act, there can be no ineffective assistance.

> b.  *Failure to raise issue that trial counsel did not impeach the testimony of Det. Bosco's testimony as to the victim's identification of Hill*

Again, the appeals court found that the circumstances of Dudley, the victim, initially pointing to Hill's picture in a photo array as the shooter, before briefly focusing on another person and then returning to Hill, were all developed at trial and described in the appeals court opinion on direct review.[116] If, the court reasoned, Det. Bosco's trial testimony was actually "impeached" by having him recount the sequence by which the victim came to identify Hill, there is no deficient act to form the basis of ineffective assistance of counsel.[117]

---

[114] ECF # 23 at 18-19.

[115] *See*, ECF # 9, Attachment at 109-10.

[116] *Id.*, at 186 (citing *id.*, at 104-05).

[117] *Id.*, at 186.

-25-

c.  *Failure of trial counsel to subpoena Hill's work history to support an alibi that he was actually out of state at the time of the shooting*[118]

The appeals court here determined that because any ineffective assistance argument would necessarily rely on matters outside the trial record (presumably, the work history that would establish the alibi), the Rule 26(B) proceeding was not the proper forum for this argument but that Hill would need to file a post-conviction motion.[119] Although Hill did file post-conviction motions, he did not appeal their denial. Hill's appeal counsel was not deficient for failing to make an argument unsupported by the trial court record.

d.  *Appellate counsel was ineffective for not challenging the conviction for having a weapon while under disability on grounds of insufficient evidence.*

This sub-ground has been addressed. The Ohio court found that since there was sufficient evidence to support the convictions, counsel cannot be constitutionally ineffective for not raising this argument.[120] This sub-ground by Hill also includes the argument that the Illinois convictions were not properly proved. The Ohio appeals court found that the Illinois convictions were proved by certified copies, sufficient under Ohio law.[121] Thus, again, absent

---

[118] Hill now modifies this claim from its formulation on direct appeal to state that the out of state evidence would support a speedy trial claim – *i.e.*, that the prosecution should have known where Hill was and so could have timely located him and served him with the indictment. ECF # 18 at 8. Again, that is not exactly the same claim under the same theory as was presented to the Ohio courts. But, the basic claim that appellate counsel should have raised an issue as to trial counsel's failure to subpoena work records remains.

[119] ECF # 9, Attachment at 186.

[120] *Id.*, at 186-87.

[121] *Id.*, at 187-88.

deficient conduct by appellate counsel, that counsel could not be found constitutionally ineffective.[122]

e.    *Failure to raise an issue regarding Confrontation Clause violations; Brady violation*

Hill contends first that the prosecution violated his right to confront witnesses against him when they relied on statements made by persons not called to testify.[123]

Hill argues first that he should have been allowed to confront an unknown woman who told police that Hill had gone to Chicago.[124] The appeals court found in this regard that there is an exception to the prohibition on hearsay where an officer is permitted to testify as to the reasons an action was taken, even if that testimony includes statements made to the officer by a third party who is not a witness.[125] Thus, any statements made by an unknown woman to police concerning Hill going to Chicago were not introduced for the truth of the statement, but to "explain the course of the investigation."[126] Further, because the statement by the unknown woman was not offered for its truth, the appeals court found there was no *Brady* violation committed when the prosecution failed to provide her name and address

---

[122] *Id.*, at 188.

[123] ECF # 18 at 8.

[124] ECF # 23 at 30.

[125] ECF # 9, Attachment at 188.

[126] *Id.*

-27-

during discovery.[127] Accordingly, with no hearsay violation and no *Brady* violation, the court found that there was no ineffective assistance in not raising this issue.[128]

Further, Hill complained about the evidence of a traffic ticket issued to Charles Anderson used to prove that Anderson's car – which witnesses said Hill was riding in – was in Mansfield the day of the crime. Hill contends that this "circumstantial evidence" of his presence in Mansfield that day might have been rebutted, and an alibi strengthened, if Anderson himself had been called as a witness who could have testified that Hill was not in Anderson's car that day.[129]

The appeals court analyzed this claim as one simply objecting to the introduction of the traffic ticket, and concluded that the trial court did not abuse its discretion in admitting the ticket into evidence.[130] To the extent Hill wants to argue that it was ineffective of trial counsel to not call Anderson as a witness, that argument assumes facts not of record, such as Anderson being available and that Anderson would have testified that Hill was not in the car that day – something to which other witnesses did testify. Again, appellate counsel cannot raise on direct appeal arguments not based on the trial record. Appellate counsel was not deficient for failing to raise as error the introduction of the traffic ticket.

---

[127] *Id.*

[128] *Id.*

[129] ECF # 23 at 31.

[130] ECF # 9, Attachment at 189.

*f.    Failure to call alibi witnesses*

Hill specifically contends that his appellate counsel was ineffective for not raising the claim that trial counsel should have called Curtis Court and Ulysses Sims as witnesses.[131] As to Sims, the appeals court noted that defense counsel questioned the police and learned that Sims had been interrogated by police as a possible suspect, but then dropped when Sims established an alibi.[132] Further, defense counsel questioned the investigative detective at trial about Curtis Court and learned that, although police wanted to question Court, they discovered that he was "on the run" and so not available to be questioned.[133] The appellate court correctly concluded that because defense counsel knew of these individuals, actively questioned the police about them, but discovered no basis for calling them as witnesses, there was no improper conduct that could be the basis for ineffective assistance.[134] Because the state appellate court did not unreasonably apply the *Strickland* standard to Hill's claims of ineffective assistance of appellate counsel, ground two should be denied.

**D.    The motion for an evidentiary hearing should be denied.**

In his traverse, Hill seeks an evidentiary hearing.[135] He offers three reasons for such a hearing:

---

[131] ECF # 18 at 8; ECF # 23 at 31.

[132] *See*, ECF # 9, Attachment at 188 (citing trial transcript at 321-25).

[133] *Id.* (citing trial transcript at 326-27).

[134] *Id.*

[135] ECF # 23 at 35.

(1)     the Ohio court decision was an "unreasonable determination of the facts in light of the evidence presented,"[136]

(2)     the evidence Hill has already cited and/or referenced in the traverse "clearly and convincingly rebut[s] the presumption of correctness affroded [sic] the state court's determination of factual issues in this case,"[137]

(3)     the state court's "determination of the sufficiemcy [sic] of the evidence is not fairly supported by the record."[138]

Plainly, the first and third reasons constitute invitations for this Court to retry the issues previously presented to the state court so as to obtain a more favorable statement of the facts than the state court provided. As such, that is not a permissible reason for an evidentiary hearing. "'Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a petitioner made insufficient effort to pursue in state proceedings.'"[139]

In addition, insofar as Hill attacks the sufficiency of the evidence in support of a factual finding, the statute provides that he has the burden to "produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."[140] 28 U.S.C. 2254(e)(1) further provides that the petitioner has the burden of rebutting the presumption of correctness is by clear and convincing evidence. Moreover,

_____

[136] *Id.*

[137] *Id.*

[138] *Id.*

[139] *Sheppard v. Bagley*, 657 F.3d 338, 344 (6th Cir. 2011) (quoting *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1401 (2011)).

[140] 28 U.S.C. § 2254(f).

-30-

the recent Supreme Court decision in *Pinholster* reaffirms that federal habeas courts are not to consider evidence that was not before the state courts.[141]

As the recent Sixth Circuit decision in *Donaldson v. Booker*[142] suggests, the holding of the Supreme Court in *Richter* that even an unexplained decision of a state court presented with a federal claim must be accorded deference, read together with *Pinholster*, greatly limits the circumstances where any federal evidentiary hearing would be warranted.

Therefore, I recommend that any request by Hill for an evidentiary hearing in this case be denied.

## Conclusion

For the reasons stated, the petition of Kenneth L. Hill for a writ of habeas corpus should be denied on the merits, and the motion for an evidentiary hearing should be denied.

Dated:  December 3, 2013              s/ William H. Baughman, Jr.
                                      United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[143]

---

[141] *Pinholster*, 131 S. Ct. at 1399.

[142] *Donaldson v. Booker*, 505 F. App'x 488 (6th Cir. 2012).

[143] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).