```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
KENNETH LEVELLE HILL,                      :
                                           :   CASE NO. 1:11-CV-02602
           Petitioner,                     :
                                           :
vs.                                        :   OPINION & ORDER
                                           :   [Resolving Docs. 1, 18, 23, 25, & 28]
WARDEN SHELDON,                            :
                                           :
           Respondent.                     :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge William H. Baughman, Jr., recommends that this Court dismiss Petitioner Kenneth Hill's amended 28 U.S.C. § 2254 petition because the state courts did not unreasonably apply clearly established federal law.[1] Petitioner Hill objects to the Magistrate Judge's recommendation.[2] For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge Baughman as amended by this opinion, **DENIES** Hill's motion for an evidentiary hearing, and **DISMISSES WITH PREJUDICE** Hill's amended petition.

## I. Factual and Procedural Background

The facts as found by the Ohio Court of Appeals are as follows[3]:

On October 8, 2004, an assailant shot Isaiah Dudley multiple times. The police only knew that the shooter was a black male who fled the scene in a burgundy or purple car.

In December 2004, James Darby, an inmate in the Richland County Jail, contacted the police

---

[1] Doc. 25.
[2] Doc. 28.
[3] *See* Doc. 9-18 (Ohio Court of Appeals opinion) at 2-5.

Case No. 1:11-CV-02602
Gwin, J.

to provide information about Dudley's shooting in exchange for release. Darby said that on the night of the shooting he was planning to purchase crack cocaine from Petitioner Hill and another person Darby knew as C-Man. When Darby arrived, he saw Hill and C-Man approach Dudley. C-Man asked for money Dudley owed him. When Dudley said that he did not have the money, Darby saw C-Man try to punch Dudley and saw Hill draw a gun and shoot Dudley. Although Darby saw Hill and C-Man drive away in a tan-colored car, he also saw a burgundy-colored car that Hill had driven earlier in the day at the scene.

The day after the shooting, Hill and C-Man promised Darby drugs if he would keep silent. Darby agreed because he did not want to be labeled a "snitch." However, Darby was later arrested for burglary.

In January 2005, while Dudley was undergoing rehabilitation, the police showed Dudley a photo lineup on two occasions. The first time, after briefly focusing on another individual, Dudley identified Hill as the shooter. The second time, Dudley again identified Hill as the shooter.

In March 2005, a grand jury indicted Hill with one count of attempted murder with a firearm specification, one count of felonious assault with a firearm specification, and one count of having weapons under disability. The police could not locate Hill to serve him with the indictment until March 2008. At that time, Hill was arrested and extradited from Chicago, Illinois.

After the trial court continued Hill's original May 2008 trial date several times, in June 2008 Hill moved to dismiss the charges against him on the grounds that his right to a speedy trial was violated. The trial court overruled the motion, and the trial began the same day. The jury was unable to reach a verdict.

Hill was tried again in August 2008. Hill moved to dismiss based on his right to a speedy

Case No. 1:11-CV-02602
Gwin, J.

trial, but the trial court overruled the motion. A jury convicted Hill of all of the charges and specifications. The trial court sentenced Hill to 18 years in prison.

Through counsel, Hill appealed his conviction.[4] He argued that the jury's verdict was contrary to the manifest weight of the evidence and that his right to a speedy trial was violated.[5] He specifically argued that for felony cases "the speedy trial limit is two hundred seventy (270) days after the person's arrest" and for those in custody "the speedy trial limit is ninety (90 days after the date of his arrest."[6] And Hill admitted that "the offense took place in 2005 but [Hill] w[a]s not arrested until 2008. This may complicate the chronology of the case but the speedy trial clock does not start until the date of arrest."[7]

The Ohio Court of Appeals affirmed Hill's conviction.[8]

Hill appealed, *pro se*, to the Supreme Court of Ohio.[9] Hill brought two assignments of error: manifest weight of the evidence and speedy trial.[10] However, Hill now argued that the right to a speedy trial "is not limited in scope to the period following formal arrest."[11]

The Supreme Court of Ohio dismissed the appeal.[12]

Hill also filed a motion to reopen his appeal before the Court of Appeals.[13] He tried to bring

---

[4] Doc. 9-16.
[5] *Id.* at 8, 12.
[6] *Id.* at 14.
[7] *Id.* at 15.
[8] Doc. 9-18.
[9] Doc. 9-19.
[10] *Id.* at 7, 10.
[11] *Id.* at 10 (citing *Doggett v. United States*, 505 U.S. 647 (1992)).
[12] Doc. 9-20.
[13] Doc. 9-21.

Case No. 1:11-CV-02602
Gwin, J.

six claims of ineffective assistance of counsel.[14] The Court of Appeals denied the motion.[15]

Hill appealed to the Supreme Court of Ohio.[16] The Supreme Court dismissed the appeal.[17]

After the trial court denied a motion for resentencing, on November 30, 2011, Hill filed a petition under 28 U.S.C. § 2254.[18] On August 9, 2012, Hill filed an amended petition.[19] With his amended petition, Hill first says (1) that the trial court should have inquired into the three-year gap between Hill's indictment and arrest and (2) that his conviction went against the manifest weight of the evidence.[20]

Second, Hill says his attorney was ineffective because (1) counsel failed to properly impeach witnesses and did not "get[] the defendant[']s work history to show he could have been located and served the indictment"; (2) counsel failed to argue that witnesses' statements and testimony were insufficient evidence to convict Hill; (3) counsel failed to argue that a prior conviction from another state was insufficient evidence to support the charge of possessing a weapon while under a disability; (4) counsel failed to argue that the state violated the Confrontation Clause by not calling certain witnesses; (5) counsel failed to argue a *Brady* violation occurred; and (6) counsel failed to argue that the trial court should not have admitted a traffic ticket into evidence.[21]

Hill also moved for an evidentiary hearing.[22]

Magistrate Judge Baughman recommends that the Court dismiss Hill's petition with

---

[14] *Id.*
[15] Doc. 9-23.
[16] Doc. 9-24.
[17] Doc. 9-25.
[18] Doc. 1.
[19] Doc. 18.
[20] *Id.* at 6.
[21] *Id.* at 8.
[22] Doc. 23 at 35.

-4-

Case No. 1:11-CV-02602
Gwin, J.

prejudice.[23] Petitioner Hill objects to the Report and Recommendation.[24]

## II. Legal Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of [a Report and Recommendation] to which objection is made."[25] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus. A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[26]

The petitioner carries the burden of proof.[27]

The Court may not hold an evidentiary hearing on a § 2254 petition unless the claim relies on a new retroactive constitutional rule or relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; or unless the petitioner can show by clear and convincing evidence that in light of the new facts no reasonable factfinder would have found petitioner guilty of the underlying offense.[28]

With this in mind, the Court now turns to Hill's petition.

---

[23] Doc. 25.
[24] Doc. 28.
[25] 28 U.S.C. § 636(b)(1)(C).
[26] 28 U.S.C. § 2254(d).
[27] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).
[28] 28 U.S.C. § 2254(e)(2).

Case No. 1:11-CV-02602
Gwin, J.

## III. Analysis

The Court addresses Petitioner Hill's speedy trial claim, his "manifest weight of the evidence" claim, and his ineffective assistance of counsel claims in turn. The Court overrules all of Petitioner's objections.

**A.   Speedy Trial**

Petitioner Hill objects to the Magistrate Judge's recommendation that the Court find Hill procedurally defaulted his claim that the three-year delay between the indictment and Hill's arrest violated his right to a speedy trial.[29] Hill says that he presented this claim to the Ohio Supreme Court and that no state court considered his claim, so this Court should adjudicate his claim in the first instance.[30]

A habeas petitioner must present his claim to each level of the state courts or he procedurally defaults that claim.[31] Recall, in Hill's original appeal to the Ohio Court of Appeals, Hill affirmatively asserted that his speedy trial claim was limited to the period after his arrest.[32] Accordingly, because Hill did not present his current speedy trial claim to the Court of Appeals, Hill did not present this claim to all of the Ohio courts and has procedurally defaulted this claim.

However, a procedural default may be excused by a showing of cause and prejudice, such as by showing the default was caused by the ineffective assistance of counsel.[33] Hill challenges his

---

[29] Doc. 28 at 2-5.
[30] *Id.*
[31] *Porter v. Konteh*, 3:07-cv-03354, 2009 WL 4282911, at *10 (N.D. Ohio Nov. 30, 2009).
[32] Doc. 9-16 at 14-15. Whether counsel presented the claim to the trial court is also unclear: Hill's trial motions are not in the record.
[33] *See Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000).

-6-

Case No. 1:11-CV-02602
Gwin, J.

trial counsel's handling of the speedy trial issue.[34] Construing his petition liberally, the Court finds that Petitioner Hill claims ineffective assistance of counsel to excuse his default of this issue.[35]

In order to excuse the default, Hill must show that his counsel acted so deficiently that he did not act as the "counsel" guaranteed by the Sixth Amendment and that a reasonable likelihood of a different outcome but for the deficient performance exists.[36] Whether Petitioner Hill received constitutionally deficient assistance of counsel and whether he was prejudiced depend on the merits of his claim: whether counsel should have presented the claim and whether Hill was prejudiced depend on whether his speedy trial right was violated.

Petitioner Hill cannot meet his burden of showing an excuse for his procedural default.[37] One factor in the test for a violation of a defendant's speedy trial rights is the reason for the delay.[38]

Here, Petitioner was discovered in Chicago. And there was testimony at trial that Petitioner fled from Richland County to Chicago during the investigation.[39] Counsel could easily have concluded that Petitioner's flight from Ohio to Chicago, outside of the state's jurisdiction, would worked against any delay in serving the indictment.

Petitioner says that testimony at trial shows the police knew where Petitioner was in Chicago

---

[34] Doc. 18 at 8 (making ineffective assistance claim based on failure to investigate service of indictment).

[35] Hill presented this claim of ineffective assistance to both the Ohio Court of Appeals and the Ohio Supreme Court. Doc. 9-21 at 4; Doc. 9-24 at 11. Therefore, he did not default this claim.

[36] See Strickland v. Washington, 466 U.S. 668, 687 (1984).

[37] Hill moves for an evidentiary hearing, presumably in part to present evidence about the state's ability to serve him with the indictment. Doc. 23 at 35. However, recall, the Court may not order an evidentiary hearing unless the factual predicate underlying the claims could not have been discovered with reasonable diligence previously. 28 U.S.C. § 2254(e)(2). This exception to the rule barring evidentiary hearings is inapplicable. Petitioner could have developed the record on this claim through a state collateral proceeding. See Ohio Rev. Code § 2953.21(A)(1)(a) (allowing a prisoner to file a post-conviction petition to vacate a conviction and submit additional evidence). Indeed, the Court of Appeals held that such a state post-conviction motion was the appropriate means to make this challenge. Doc. 9-23 at 4. However, because he did not, the Court is limited to the record at hand.

[38] See Barker v. Wingo, 407 U.S. 514, 531 (1972).

[39] Doc. 9-33 at 52:2-54:14.

Case No. 1:11-CV-02602
Gwin, J.

and did not try to serve him. However, the fact that the lead detective did not have contact with the case while Petitioner was in Chicago does not show that the state was negligent in pursuing Petitioner.[40] Moreover, the fact that the prosecution and detective were aware of Petitioner's Chicago address at trial does not prove that they could have served him with the indictment.[41]

Accordingly, Petitioner Hill has procedurally defaulted his claim that the three-year delay in serving him with the indictment violated his speedy trial rights, and he cannot excuse the default. Therefore, this claim loses.

**B.    Manifest Weight of the Evidence**

Magistrate Judge Baughman correctly construed this claim as a sufficiency-of-the-evidence claim because Ohio's "manifest weight of the evidence" doctrine is a state law issue.[42] Nevertheless, Petitioner objects to Magistrate Judge Baughman's recommendation that the Court deny this claim on the merits.[43]

Because the Ohio courts adjudicated this claim on the merits, the Court may only grant relief if the adjudication was an unreasonable application of clearly established Supreme Court precedent on sufficiency of the evidence or was based on an unreasonable determination of the facts.[44]

Despite Petitioner's objections, the Court agrees with Magistrate Judge Baughman that this claim loses.

---

[40] *See id.* at 76:8-19.
[41] *See* Doc. 9-32 at 222:13-226:3.
[42] *Nash v. Eberlin*, 258 F. App'x 761 (6th Cir. 2007).
[43] Doc. 28 at 5-10.
[44] 28 U.S.C. § 2254(d).

Case No. 1:11-CV-02602
Gwin, J.

The Court must consider the evidence in the light most favorable to the prosecution.[45] In that light, the Ohio courts could reasonably conclude that sufficient evidence existed to convict Petitioner Hill despite the conflicting testimony. Most importantly, two witnesses, including the victim, identified Petitioner as the shooter. Additionally, the state admitted Illinois convictions of a person with the same name, birthday, and address as Hill to prove he was under a disability to possess a weapon.[46]

Accordingly, the Court cannot conclude that the state courts unreasonably applied clearly established Supreme Court precedent in adjudicating this claim. Accordingly, this claim also loses.

**C.   Ineffective Assistance of Counsel**

Petitioner Hill brings six claims of ineffective assistance of counsel; some of these claims have subparts. Having previously articulated the *Strickland v. Washington* standard for ineffective assistance of counsel, the Court addresses each in turn.

   **1.   Failure to Impeach Darby**

Hill says that counsel failed to impeach James Darby about the color car he said he saw Petitioner drive.[47] Magistrate Judge Baughman recommends that the Court deny relief on this claim because the state courts did not unreasonably apply federal law.[48] Petitioner Hill objects; he says that the counsel failed to properly impeach Darby on the differences in his statements.[49]

The Ohio Court of Appeals noted that defense counsel actually cross-examined Darby about

---

[45] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).
[46] *See* Doc. 9-32 at 222:13-226:3.
[47] Doc. 18 at 8.
[48] Doc. 25 at 24-25.
[49] Doc. 28 at 12-14.

-9-

Case No. 1:11-CV-02602
Gwin, J.

the differences in his statements when it denied relief on this claim.[50] Given that Darby was cross-examined on this issue, the Court cannot conclude that the Ohio courts unreasonably applied federal law in denying this ground. Accordingly, the claim loses.

### 2. Failure to Impeach the Detective

Petitioner does not appear to object to Magistrate Judge Baughman's recommendation that the Court deny relief on this issue—that counsel failed to impeach the detective's testimony about the victim's identification of Petitioner. In any event, the Court agrees with the Magistrate Judge's recommendation.

### 3. Failure to Investigate Speedy Trial

The Court has already determined that Petitioner cannot prove he received ineffective assistance of counsel on his claim that counsel should have investigated the circumstances of the three-year delay in serving the indictment. Accordingly, the Court overrules this objection as well.

### 4. Failure to Argue Insufficiency of the Evidence

Petitioner Hill says that his lawyer should have argued that insufficient evidence existed to convict him.[51] The Ohio Court of Appeals held that because there was sufficient evidence to convict Hill, Hill did not receive ineffective assistance of counsel when counsel did not argue the issue.[52] Because the Court has found that the Ohio courts' adjudication of the sufficiency claim was a reasonable application of federal law, the claim loses as well.

---

[50] Doc. 9-23 at 3-4.
[51] Doc. 18 at 8.
[52] Doc. 9-23 at 5.

Case No. 1:11-CV-02602
Gwin, J.

### 5. Failure to Raise a Confrontation Clause Challenge

Hill says that the state violated his right to confront the witnesses against him by (1) introducing a statement by an unknown person that Hill had fled to Chicago; (2) introducing a traffic ticket related the burgundy car without calling the owner of the car as a witness; and (3) not calling Hill's alleged accomplice as a witness.[53]

The Ohio Court of Appeals rejected each argument. The Court of Appeals reasonably concluded that allowing the detective to testify that an unknown person told him Hill had fled did not violate Hill's confrontation rights because the statement merely explained the detective's actions and was not admitted for the truth of the matter asserted.[54] Non-hearsay statements do not violate the Confrontation Clause.[55]

With respect to the traffic ticket, the Ohio courts concluded that as a matter of state law the ticket was admissible.[56] Petitioner had the opportunity to cross-examine the detective about the car. Additionally, Petitioner could have called the owner of the car to testify but did not.

And finally, the state's decision not to call a witness for Petitioner's alibi does not violate the Confrontation Clause. Accordingly, the Court overrules Petitioner's objections to the Magistrate Judge's recommendation on this ground.

### 6. Failure to Raise a *Brady* Claim

Hill says his attorney should have argued that the state failed to provide him with the

---

[53] Doc. 28 at 24-28.
[54] Doc. 9-23 at 6.
[55] *See* United States v. Garcia-Guia, 468 F. App'x 544, 548 (6th Cir. 2012).
[56] Doc. 9-23 at 7.

-11-

Case No. 1:11-CV-02602
Gwin, J.

addresses of various possible defense witnesses.[57] Magistrate Judge Baughman correctly noted that the Ohio courts found no due process violation occurred because the unknown woman's statement that Hill fled was not admitted for the truth of the matter asserted and counsel knew about the other witnesses but chose not to call them.[58] The Ohio courts reasonably applied federal law in making this determination that no material evidence was withheld.

### 7. Failure to Argue the Traffic Ticket Was Wrongly Admitted

Hill says that his appellate counsel should have argued that the trial court abused its discretion in admitting the ticket.[59] As a matter of state law, the Ohio courts found that the trial court did not abuse its discretion by admitting the ticket.[60] Accordingly, Petitioner cannot show any prejudice on this issue, and the Court overrules his objection to the Magistrate Judge's Report and Recommendation.

### D. Evidentiary Hearing

Because Petitioner's claims do not relate to a new rule of constitutional law made retroactive to cases on collateral review, Petitioner does not show clear and convincing evidence that no reasonable juror would find him guilty of the charges, and the factual predicate underlying his claims could have been developed previously with reasonable diligence, the Court agrees with the Magistrate Judge's recommendation that an evidentiary hearing is not appropriate.

---

[57] Doc. 28 at 28-29.
[58] Doc. 25 at 27.
[59] Doc. 28 at 29-30.
[60] Doc. 9-23 at 7.

Case No. 1:11-CV-02602
Gwin, J.

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge Baughman as amended by this opinion, **DENIES** Hill's motion for an evidentiary hearing, and **DISMISSES WITH PREJUDICE** Hill's amended petition. The Court certifies that an appeal could be taken in good faith on Petitioner Hill's speedy trial claim and ineffective assistance of counsel claim with respect to his speedy trial rights. Other than those two issues, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[61]

IT IS SO ORDERED

Dated: February 27, 2014             s/ *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[61] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).